RECEIVED
NOV 16 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| ANDREA HUDSON INDIVIDUALLY AND ON BEHALF OF HER MINOR SON RUSTIN CHARLIE | CIVIL ACTION<br>NO. 6:06cv1154 |
| VERSUS | CHIEF JUDGE HAIK |
| FREDS INCORPORATED COMPREHENSIVE HEALTH BENEFIT PLAN, AND HEALTHCOMP, INC. | MAGISTRATE JUDGE HILL<br><br>JUDGE HAIK |

**RULING**

Before this Court is a Motion for Summary Judgment by Fred's Incorporated Comprehensive Health Benefit Plan and Healthcomp, Incorporated (Doc.#11) seeking to dismiss, in their entirety, the claims asserted by Andrea Hudson, individually and in behalf of her minor child, Rustin Charlie, as a matter of law. After a full review of the record and being fully advised in the premises, the Motion for Summary Judgment is **DENIED** for the following reasons:

On June 3, 2005, minor child, Rustin Charlie, was involved in a one car accident sustaining serious bodily injury. Rustin Charlie was a guest passenger in Andrea Hudson's car being driven by Christopher Mayeaux when Mayeaux lost control of the vehicle causing said accident. Chistopher Mayeaux took the car without Ms. Hudson's permission.

At the time of the accident, Ms. Hudson was employed by Fred's. Fred's required a written statement from Ms. Hudson stating an explanation of what happen to Rustin Charlie in order to process an insurance claim for Rustin Charlie. Ms. Hudson's complaint states "my nephew and son stole my car. I only carried liability on the vehicle. No medical..." As a result of Ms. Hudson's statement, Fred's has declined medical insurance coverage to Rustin Charlie, an insured under Ms.

Hudson's Health Insurance policy, based on the "Illegal Acts" exclusion of their insurance policy.

Fred's "Illegal Acts" exclusion states:

Charges for services received as a result of injury or sickness caused by or contributed to by engaging in an illegal act or occupation; by committing or attempting to commit any crime, criminal act, assault or other felonious behavior; or by participating in riot or public disturbance.

Fred's asserts that at the time of accident, the insured was committing the crime of Theft in violation of Louisiana Revised Statute 14:67. Louisiana Revised Statute 14:67 defines Theft:

A. Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.

(Footnote) Intent:
No matter what approach was used with reference to the problem of intent in the Code, it was necessary to include a special mental element as an essential in this section's definition. It is well established that an intent to deprive the owner permanently of his property is a necessary element in any "stealing" crime. See Clark and Marshall, Law of Crimes, (4th ed. 1940) 428, 462, 476, §§ 327, 349, 364.

In support of the Motion for Summary Judgment, Fred's cites James v. Louisiana Laborers Health and Welfare Fund, 29 F.3D 1029 (5th Cir. 1994). In James, 29 F.3d 1029, the plaintiff received extensive medical treatment stemming from a gun shot wound. The plaintiff was shot by his common-law wife. The court found that the evidence established that the plaintiff's wife was protecting herself from being assaulted by the plaintiff who stood over his common-law wife and, with his shoe, kicked her left side as she laid on the ground. Therefore, plaintiff's health care provider properly refused coverage under the Illegal Act exclusion based on a finding that he had committed aggravated battery on his common law wife.

In the case, the affidavit of Ms. Hudson establishes that her nephew took her car without her

permission to go speak with his father. Further, the affidavit states that Rustin Charlie had no control over the situation. Further, the affidavit establishes that Ms. Hudson did not read or write the complaint before she signed it. This court finds that issues of material fact do exist in determining whether Rustin Charlie committed the crime of Theft in violation of Louisiana Revised Statute 14:67 and the " Illegal Acts" exclusion. Based on those reasons, the Motion for Summary Judgment by by Fred's Incorporated Comprehensive Health Benefit Plan and Healthcomp, Incorporated (Doc.#11) is denied.

THUS DONE AND SIGNED in Lafayette, Louisiana, on the 16th day of November, 2006.

CHIEF JUDGE RICHARD T. HAIK, SR.
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA